[Ex Parte Hill in re City of Tuscaloosa v. Hill.]

# *Ex Parte* Hill *in re* City of Tuscaloosa *v.* Hill.

### *Street Improvement Assessment.*

(Decided June 17, 1915.   69 South. 598.)

1. *Municipal Corporations; Street Improvement; Assessment; Special Benefit.*—An assessment for street improvement under section 223, Constitution 1901, cannot be predicated on a general enhancement of the value of the property, constituting the difference in the market value before and after the improvement, without regard to special benefit to the property resulting from the improvement, and which increased the value of the property.

2. *Charge of Court; Misleading; Necessity of Request.*—The court will not be put in error for giving a requested charge which is merely misleading, and which may be explained by a requested charge which it is the duty of the adversary party to request.

3. *Municipal Corporations; Street Improvement; Land.*—For the purpose of assessment, because of special benefit derived from street improvement as authorized by section 223, Constitution 1901, the term "land" includes the house and everything that is a part of the realty, as well as all property specially benefited as a result of the improvement; the word "land" and "property" being used interchangeably.

4. *Trial; Argument of Counsel; Reading Opinion.*—It is error to permit counsel for a party, while addressing the jury to read an excerpt from an opinion in another case, dealing only with the facts in such other case, and the deductions and expressions of the court in reference thereto, and embracing no legal principles pertinent to the case on trial.

5. *Same.*—Where part of an excerpt from an opinion read by counsel for a party while addressing the jury, was proper matter to be read, the trial court will not be put in error for overruling an objection to all of the excerpts, although a part of it was objectionable.

6. *Appeal and Error; Reversal; Costs.*—The reversal of a judgment on appeal operates to reverse the judgment as to costs.

7. *Municipal Corporations; Street Improvements; Costs.*—In the absence of a rule or statute to the contrary, costs are taxed against the unsuccessful party in a proceeding for the assessment of benefits for a street improvement, and a mere reduction of the amount of an assessment does not relieve the party- appealing, in the absence of a tender of the amount due, from liability for costs under section 3662, Code 1907.

8. *Same.*—The provisions of section 1395, Code 1907, have reference to reassessments when technical errors have been found.

(McClellan, and Gardner, JJ., dissent in part.)

CERTIORARI to the Court of Appeals.

The City of Tuscaloosa sought an assessment of special benefit for street improvement against the property of Mrs. Alonzo Hill, and from an adverse judgment appeals to the Court of Appeals, where the judgment was reversed. See *City of Tuscaloosa v. Hill*, 14 Ala. App., 69 South. 486. Mrs. Hill now brings certiorari to review the judgment of the Court of Appeals. Writ denied.

CLARKSON & MORRISSETTE, for petitioner.

BROWN & WARD, for respondent.

ANDERSON, C. J.—(1) As stated in the cases of *Decatur v. Brock*, 170 Ala. 149, 54 South. 209, and *Harton v. Avondale*, 147 Ala. 458, 41 South. 934, section 223 of the Constitution of 1901, was adopted to meet the decisions in the cases of *City of Montgomery v. Birdsong*, 126 Ala. 651, 28 South. 522, and *Norwood v. Baker*, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. As pointed out in the *Harton Case, supra*, the *Birdsong Case* was explained and qualified to some extent in the case of *Montgomery v. Moore*, 140 Ala. 638, 37 South. 291, and the *Baker Case* by *French v. Barber*, 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879, but not in reference to what was meant by special benefits as a basis for the assessment. On the other hand, it is stated in the *Harton Case, supra*, that section 223 was made a part of our organic law when the said *Birdsong* and *Norwood Cases* were supposed to be the law. It was pointed out, also, in the *Birdsong Case*, that in order to charge the property with any of the cost of improvement the same must peculiarly or specially benefit the owner. See, also, *Mayor v. Klein*, 89 Ala. 461, 7 South. 386, 8 L. R. A. 369.

Section 223 of the Constitution reads as follows: "No city, town, or other municipality shall make any assessment for the cost of sidewalks or street paving, or for the cost of the construction of any sewers against property abutting on such street or sidewalk so paved, or drained by such sewers, in excess of the increased value of such property *by reason of the special benefits derived from such improvements.*" (Italics ours.)

It will be noted that to hold that the assessment can be based upon a general benefit to the property, or upon the enhancement of the value of same resulting from general benefits, as distinguished from an enhancement of the value by reason of special benefits derived from such improvement, would render meaningless the above italicized words, and the section would be construed as if they were not included. Special benfits were inserted for some purpose, and it is evident that the assessment cannot be predicated upon a general enhancement of the value of the property, the difference in the market value before and after the improvement, regardless of a special benefit to the owner resulting from said improvement and which increased the value of the property. This holding not only gives force and effect to the plain and unambiguous language of section 223 of the Constitution, but is in conformity with the leading authorities and text-writers on the subject of special assessments.—Dillon on Municipal Corporations, vol. 4, page 2553; Page & Jones on Assessments, vol 2, §§ 654 to 702; McQuillen on Municipal Ordinances, § 522.

We are of the opinion that the holding of the majority of the Court of Appeals has failed to give force and effect to the special benefit feature of section 223, and said court erred in holding that an assessment can be levied upon the basis of a general enhancement in the

value of the property, as distinguished from an enhanced value resulting from special benefits resulting to the owner from the improvements. The trial court properly gave charge 5 and the Court of Appeals erred in holding that it was reversible error.

The case of *Decatur v. Brock,* 170 Ala. 149, 54 South. 209, does not conflict with the present holding, and does not, therefore, support the holding of the Court of Appeals. The contention made in the *Brock Case* was that the assessment could not be made upon a front foot basis, and we merely held that such an assessment could be made, provided the amount did not exceed the benefits derived by the owner. The opinion did not undertake to discuss the character or nature of the benefits, and the question now under consideration was not involved.

Nor is the case of *Huntsville v. Pulley,* 187 Ala. 367, 65 South. 405, in conflict with this holding. In that case it seems that the defendant was asked if her property had been enhanced in value at all, and this was objected to upon the theory, no doubt, that it called for the conclusion of the witness, and the court merely stated the usual method of proving the enhancement or diminution in the value of property, and the writer evidently did not have in mind the distinction between a general enhancement in the value of property and the special enhancement, as required by section 223 of the Constitution. None of the other cases cited related to assessments and the cost of same, as covered by section 223 of the Constitution. They involved the question of damages to property or the taking of same under other provisions of law, and were in no way governed by section 223 of the Constitution, or the statute providing for street improvements.

(2) There was no error in giving charge 3, requested by the defendant. If faulty at all, it was merely misleading, and could have ben explained by a requested charge.

(3) We think the Court of Appeals erred in holding that charge 13 was bad; that is, we do not think that the giving of same was reversible error, as the words "lands" and "property" as used interchangeably. The benefits to lands was all that was involved, and the term "land" would include the house and everything that was a part of the realty. The word "land" included all property that could have possibly been specially benefited as a result of the improvement. If there is any fault with this charge, which was given at the request of the defendant, it is because it was too favorable to the city. It authorizes a recovery if the land has been increased in value as a result of the improvements, whether by virtue of special benefits or not, as distinguished from general benefits.

(4, 5) We agree with the Court of Appeals in the holding that the trial court erred in permitting counsel for the defendant to read an excerpt from the opinion in the case of *Huntsville v. Pulley, supra*, while addressing the jury, as it dealt only with facts in another case, and deductions and expressions of the court in reference thereto, and embraced no legal principles pertinent to the case at bar. We think the opinion of the Court of Appeals on this subject a proper and correct treatment of the question, and we can add but little to the opinion of said court. We fully agree with counsel for the appellee that, if some portion of the excerpt was proper matter to be read to the jury, the trial court should not be put in error for an objection to it all, notwithstanding some of it was bad; but we think the entire

portion of the opinion as read to the jury was improper, as it stated no legal propositions pertinent to the cause upon trial.

(6, 7) It is also contended that the Court of Appeals evaded a decision of the appellee's cross-appeal as to the question of cost. As long as the case was being reversed, the result was to reverse the judgment for cost also. We will suggest, however, that the trial court properly rendered judgment against the defendant for the cost. In the absence of a rule or statute to the contrary, the cost is taxed against the unsuccessful party; and while the defendant secured a reduction of the amount of the assessment, there was a judgment against her for several hundred dollars. The defendant could possibly have protected herself from cost by tendering what was due; but, failing to do so, the judgment against her carried the cost.

(8) Section 1395 of the Code provides for the taxation of cost upon appeal, but it has reference to reassessments when technical error is found; but in those cases the question of cost is made discretionary with the trial court. We think the cost in this case is governed by section 3662 of the Code of 1907.

The writ of certiorari is denied.

MAYFIELD, SAYRE, SOMERVILLE, and THOMAS, JJ., concur in the opinion. McCLELLAN and GARDNER, JJ., concur in the conclusion, and in all of the opinion except so much thereof as relates to the reading of the excerpt while arguing the case to the jury. They do not think that the trial court erred in this respect.