### NEW v. STATE. (1 Div. 495.)

(Court of Appeals of Alabama. Jan. 9, 1923. Rehearing Denied March 6, 1923.)

**1. Criminal law ⚫══717—Refusal to permit defendant's counsel to read part of prohibition act to jury held not error.**

In a prosecution for manufacture of intoxicating liquors, it was within the court's discretion to refuse to allow defendant's counsel to read to the jury Gen. Acts 1919, p. 11, § 10, allowing an officer furnishing evidence and bringing about a conviction $50 to be charged as costs, where counsel was not prevented from arguing, from the law and facts, that witnesses having pecuniary interest in the result were biased.

**2. Criminal law ⚫══717—Refusal to permit law as to punishment for violating prohibition act to be read to jury held not error.**

In a prosecution for manufacturing intoxicating liquor it was not error to refuse to permit counsel for defendant to read to the jury, such section fixing the crime and punishment, and the court having so charged the jury, and also that they were not concerned with the punishment.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Charley New was convicted of manufacturing prohibited liquors, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte New, 209 Ala. 634, 96 South. 721.

Inge & Bates and Edward J. Grove, all of Mobile, for appellant.

Where the evidence is not sufficient to discharge the burden necessary to overcome the presumption of innocence, the general charge should be given in favor of the defendant. Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Mills v. State, 17 Ala. App. 493, 85 South. 867; Adams v. State, 18 Ala. App. 143, 90 South. 42; Clark v.

---

State, 18 Ala. App. 217, 90 South. 16; Reed v. State, 18 Ala. App. 181, 90 South. 37; Milner v. State, 18 Ala. App. 157, 89 South. 306; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Wadsworth v. State, 18 Ala. App. 352, 92 South. 245. The laws of the state may be read to the jury by counsel in the course of his argument. Stewart v. State, 78 Ala. 436; Robinson v. State, 155 Ala. 67, 45 South. 916; City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 South. 486; Ex parte Hill, 194 Ala. 559, 69 South. 598; Cahaba Min. Co. v. Pratt, 146 Ala. 245, 40 South. 943; Weaver v. State, 17 Ala. App. 506, 86 South. 179.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court did not err in refusing to allow defendant's counsel to read law to the jury. Walkley v. State, 133 Ala. 183, 31 South. 854; 38 Cyc. 1481.

SAMFORD, J. The first insistence of error is grounded upon the court's refusal to permit defendant's counsel to read to the jury, as a part of his argument, sections 10 and 15 of the Acts of the Legislature of 1919, p. 11 et seq. relating to prohibition. And as authority we are cited Weaver v. State, 17 Ala. App. 506, 86 South. 179, wherein this court held that the trial court was in error for refusing to permit the defendant to prove, by a witness, the financial interest of the sheriff in the prosecution, by reason of the fee to be taxed as costs, as provided by section 10 of the act, supra. That case is not in point here. In the Weaver Case we held that the proof might be made by the witness then testifying: that where the interest was fixed by law such proof was unnecessary; but we did not hold that where the statute fixed the interest such statute could be read by counsel as a part of argument.

It has many times been held—notably in Stewart v. State, 78 Ala. 436; Robinson v. State, 155 Ala. 67, 45 South. 916; City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 South. 486, and others—that, where extracts from decisions and other law were pertinent, a trial court would not be put in error for permitting such extracts to be read by counsel as a part of their arguments to the jury; but it has never been held, so far as we have seen, that the refusal of a trial court to permit counsel to read law to the jury as a part of their arguments was reversible error.

[1] Under our system, evolved for the purpose of an orderly and fair administration of justice, the court is the judge of the law, and the jury must take the law as given them by the court. Any other rule might tend to misapprehension and confusion. As to whether the court will permit the reading of law to the jury is therefore discretionary. Such discretion not to be interfered with unless abused. Harrison v. State, 78 Ala. 5. The ruling of the court in the instant case did not prevent counsel from argument, from the law and facts, that witnesses shown by the facts to have had a pecuniary interest in the result were biased, etc.

[2] There is no theory upon which defendant could insist he was injured by a refusal of the court to permit counsel to read section 15 to the jury. That section fixed the crime and punishment, and the court so charged the jury, and at the same time charged them that they were not concerned with the punishment.

Charges 1, 2, 3, 4, 5 and 6, were in effect requests for the affirmative charge. There was abundant evidence from which the jury could conclude that defendant was guilty as charged.

We find no error in the record, and the judgment is affirmed.

Affirmed.

MERRITT, J., not sitting.