(103 So. 387)

## COBB v. STATE.    (7 Div. 995.)

(Court of Appeals of Alabama.   March 24, 1925.)

**1. Criminal law ⬦⟿665(2)—Excusing witness from rule before requiring his examination as state's witness within court's discretion.**

Excusing witness from the rule, without requiring him to be first examined as state's witness, is within the sound discretion of the court.

**2. Criminal law ⬦⟿394—Evidence as to contents of search warrant held properly excluded as immaterial.**

In liquor prosecution, evidence as to contents of search warrant was properly excluded as immaterial, where it was immaterial whether officers had a search warrant.

**3. Criminal law ⬦⟿722(2)—Argument of solicitor held not improper.**

Argument of solicitor in liquor prosecution that "it has always been the rule that guilty fleeth when no man pursueth" *held* not improper.

**4. Criminal law ⬦⟿829(1)—Refusal of requested charges covered by oral charge held not erroneous.**

Refusal of defendant's requested charges *held* not erroneous, where covered by court's oral charge.

**5. Criminal law ⬦⟿813 — Refusal of abstract charges is not error.**

Refusal of abstract charges is not error.

**6. Criminal law ⬦⟿790—Refusal of charges not stating correct propositions of law is not error.**

Refusal of charges which do not state correct propositions of law is not error.

**7. Criminal law ⬦⟿369(6)—Admission of evidence of defendant's conviction for a former violation of prohibition laws held prejudicial error.**

In liquor prosecution, admission of evidence of defendant's conviction for a former violation of prohibition laws was prejudicial error.

**8. Criminal law ⬦⟿1169(5)—Erroneous admission of proof of defendant's conviction for former violation of prohibition laws not cured by court's instructions.**

In liquor prosecution, erroneous admission of proof of defendant's conviction for former violation of prohibition laws could not be cured by court's instructions to disregard it.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Alex Cobb was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Defendant objected to the following remarks of the solicitor in his argument to the jury:

"It has always been the rule since time, and always will be the rule as long as we have time, that the guilty fleeth when no man pursueth."

Riddle & Riddle, of Talladega, for appellant.

Counsel discuss the errors assigned, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of violating the prohibition laws, and he appeals.

[1] It was within the sound discretion of the trial court to excuse the witness Campbell from the rule without requiring him to be examined first as a state's witness. Moulton v. State, 19 Ala. App. 446, 98 So. 709; Shumate v. State, 19 Ala. App. 340, 97 So. 772. And the record does not, in our opinion, show an abuse of that discretion.

[2] It was entirely immaterial as to whether or not the officers had a search warrant. Consequently there was no error in sustaining the state's objection to the question to the witness Cornett calling for information as to same. Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359.

[3] There is no merit in the exceptions reserved to portions of the argument of the solicitor. Mitchell v. State, 18 Ala. App. 471, 93 So. 46.

[4-6] The court did not err in refusing to give the general affirmative charge in favor of the defendant. The other written charges refused to defendant were either covered by the oral charge of the court, abstract, or

---

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 24.

did not state correct propositions of law, and same will not be discussed in detail.

[7, 8] Over the defendant's timely objection there was introduced in evidence before the jury the court file and record of conviction in a case entitled state of Alabama against "J. A. Cobb," wherein it was shown that the said "J. A. Cobb" had been convicted of the offense of selling or having in his possession prohibited liquors, in the county court of Talladega county. This was error. Lyles v. State, 18 Ala. App. 62, 88 So. 375. After the introduction of the evidence just referred to, and after, upon defendant's motion, striking from the complaint the allegation therein contained that this defendant had been upon a former occasion convicted of violating the prohibition laws, the court upon defendant's further and earnest insistence that the said evidence be excluded stated from the bench:

"That is all excluded from your consideration, gentlemen of the jury. The court takes judicial knowledge of that, and it is not before the jury."

And this:

"Gentlemen of the jury, you have heard the testimony of Mr. Cornett with reference to the identity of the two parties. This man 'J. A. Cobb' is now on trial, you have heard all the testimony with reference to that, whatever the evidence was with reference to that former conviction, former record, and about the complaint. Now I am going to exclude all that from your consideration. You haven't got anything in the world to do with that previous conviction, not a thing in the world, etc."

Let it be said that the trial judge then proceeded to use his utmost efforts to completely eradicate from the minds of the jury any unfavorable impression toward the defendant that may have been made by the original introduction of the evidence under discussion. But we hold it could not be done. Defendant's motion to declare a mistrial and continue the cause should have been granted, and its refusal was prejudicial error.

The other questions raised may not occur, upon another trial, and hence will not be here considered.

For the error pointed out let the case be reversed.

Reversed and remanded.