## DAVIS v. STATE.   (6 Div. 515.)

(Supreme Court of Alabama.   Oct. 15, 1925.)

**1. Criminal law ☞363—Evidence in prosecution for assault with intent to murder held admissible as res gestæ.**

In prosecution for assault on officers with intent to murder, drunken condition of defendant, presence of another with a pistol in his hand, jugs of liquor nearby, and an exploded shotgun shell alleged to have been found next morning at point where defendant fired, were all circumstances so closely connected with shooting in time and place as to be admissible as a part of res gestæ.

**2. Homicide ☞158(1), 166(4)—Evidence held admissible to show motive for assault and implied threat against officers.**

In prosecution for assault with intent to kill, defendant's statement to witness, after being told that officers were coming, that he would go down and guard his liquor, and that nobody would get it, *held* admissible as tending to show a motive for the crime and an implied threat against the officers fired upon.

**3. Criminal law ☞369(1)—Testimony of distinct and disconnected crime inadmissible.**

Generally, testimony of distinct and disconnected crime should not be admitted in criminal cases.

**4. Criminal law ☞365(1), 371(12)—Rule as to other offenses will not exclude evidence of res gestæ nor proof of motive.**

Rule that testimony of a distinct and disconnected crime should not be admitted in criminal cases does not exclude evidence of res gestæ nor proof of motive for crime under investigation.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Homicide ⚖══166(4), 169(5)—Evidence held admissible to explain defendant's presence armed, and to show motive for assault on officers.**

In prosecution for assaulting officers with intent to murder, with evidence being in conflict as to whether defendant assaulted the officers or they assaulted him, evidence of presence of jugs of liquor near by defendant was properly admitted as tending to explain defendant's presence armed, and as showing a motive for an assault upon the officers.

**6. Criminal law ⚖══717—Court properly declined to permit defendant's counsel to read former decision in hearing of jury.**

Court properly declined to permit defendant's counsel to read former decision in the cause in hearing of jury, since it could have only confused and misled them.

**7. Criminal law ⚖══717—Counsel may discuss rules of law applicable to testimony.**

Counsel may, under guidance of court, discuss rules of law applicable to different phases of testimony.

**8. Criminal law ⚖══717, 1154—Discretion of court, in permitting reading of law, revised only when abused.**

Court has a general discretion, in permitting reading of correct statements of law from text-books and decisions, to be revised only when abused.

**9. Criminal law ⚖══717 — Reading of facts of other cases improper.**

Generally, reading of facts of other cases or of case at bar on a former trial should not be permitted.

**10. Criminal law ⚖══722(2)—Solicitor's argument held legitimate.**

In prosecution for assault on officers with intent to kill, solicitor's argument that it was an insinuation upon jury's intelligence to question what right officer had in catching a bootlegger at 10 o'clock, and that defendant was drunk and guarding his booze, and that that was the cause of the shooting, *held* not to transcend bounds of legitimate argument.

**11. Criminal law ⚖══722(3)—Court not in error in permitting argument so long as counsel confines himself to evidence.**

Trial court will not be put in error in permitting solicitor's argument, no matter how severe the arraignment, so long as counsel confines himself to inferences finding support in the evidence, does not turn witness and state as facts matters not in the record.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Willis Davis was convicted of assault with intent to murder, and he appeals. Transferred from Court of Appeals under Code 1923, § 7324. Affirmed.

E. L. Dodson, of Tuscaloosa, for appellant.

In a prosecution for one offense, evidence tending to show that defendant is guilty of another distinct and unconnected offense is not admissible. Dennison v. State, 17 Ala. App. 674, 88 So. 211; Gassenheimer v. State, 52 Ala. 313; Gardner v. State, 17 Ala. App. 589, 87 So. 885; Spicer v. State, 188 Ala. 9, 65 So. 972; Ramsey v. State, 18 Ala. App. 448, 93 So. 392; Childers v. State, 18 Ala. App. 396, 92 So. 512; 16 C. J. 586. The argument of counsel should be confined to facts shown by the evidence. 16 C. J. 897; Gibson v. State, 193 Ala. 12, 69 So. 533; Elliott v. State, 19 Ala. App. 263, 97 So. 115; Gray v. State, 19 Ala. App. 550, 98 So. 818. The trial court should permit counsel to read the law to the court in the presence of the jury. 16 C. J. 912.

Harwell G. Davis, Atty. Gen., and B. G. Wilson and M. E. Nettles, both of Jasper, for the State.

Facts constituting a part of the res gestæ are properly admitted. 11 Ency. of Evi. 402; Lowe v. State, 134 Ala. 154, 32 So. 273; Moulton v. State, 19 Ala. App. 446, 98 So. 709; Jones v. State, 17 Ala. App. 394, 85 So. 830. The presence of defendant guarding whisky tended to show motive. Vann v. State, 207 Ala. 152, 92 So. 182; Nickerson v. State, 205 Ala. 684, 88 So. 905. The action of the trial court in refusing to permit the reading of the opinion on former appeal was proper. New v. State, 19 Ala. App. 140, 96 So. 720; Mitchell v. State, 18 Ala. App. 471, 93 So. 46.

BOULDIN, J. Willis Davis was convicted of an assault with intent to murder, committed upon Arthur Gentry. The case was before the Court of Appeals on a former conviction. Davis v. State, 20 Ala. App. 131, 101 So. 171.

The case made by the state's testimony on the second trial is briefly this:

Sheriff Chambless and Deputies Gentry and Jackson, walking abreast on a neighborhood road about 9 o'clock at night, came upon the defendant sitting on the end of a log by the roadside. Defendant called, "Who in the hell is that?" raising a gun from his lap. The sheriff called, "Don't you shoot." Jackson flashed a light upon him, and defendant fired upon the officers with a shotgun, inflicting a slight wound on Gentry's hand. The three officers immediately returned the fire with pistols, inflicting serious wounds on defendant.

The defendant's version of the affair is that he was sitting inactive on the log, his gun resting on the ground. A flashlight was thrown upon him. He turned, and immediately the officers fired upon him. He denies that any words were spoken, or that he raised the gun or fired. There was corroborating evidence on both sides, which we need not give in detail.

The state was permitted, over defendant's

objection, to produce evidence that defendant appeared to be drunk; that he smelled of liquor; that two jugs of liquor were found at the time within 52 feet of defendant; that another man, Hunnicutt, was standing in the woods 21 feet from defendant with a pistol in hand.

State's witness W. J. (Dad) Micham testified, over defendant's objection, that 20 or 30 minutes before the difficulty witness met defendant; that defendant said he had liquor down the road; that witness told him he had better not bother it, that the officers were coming down there; that defendant replied he would go down there and guard it, and nobody would get his liquor.

[1, 2] The drunken condition of defendant, the presence of Hunnicutt with pistol in hand, the jugs of liquor near by, were all circumstances so closely connected with the shooting in time and place as to be a part of the res gestæ. The same may be said of the exploded shotgun shell alleged to have been found next morning at the point where defendant fired. The conversation with Micham, if such there was, not only tended to show a motive for the crime, but an implied threat against the officers of the law—a defiance of all interference with his liquors.

[3] Great stress is laid in argument upon the rule of law that testimony of distinct and disconnected crimes should not be admitted in criminal cases. This general rule is well grounded in principle. Any such evidence brought forward to bolster up another and distinct charge is so manifestly harmful and unfair as to call for a reversal of verdicts so obtained.

[4] But the rule will not avail to exclude evidence of the res gestæ, nor to close the door against proof of motive for the crime under investigation. Perpetration of one crime to conceal the existence of another, or to make way for the unhampered prosecution of a criminal course of conduct, cannot escape the severe scrutiny of the law because the investigation brings to light such course of conduct to the great embarrassment of the defense. Harden v. State, 211 Ala. 656, 101 So. 442; Gassenheimer v. State, 52 Ala. 313.

[5] In view of the sharp conflict in the evidence as to whether the defendant assaulted the officers, or they made an assault on him, the evidence complained of was properly admitted as tending to explain the presence of the defendant, armed, and as showing a motive for an assault upon the officers. The probative force of this testimony, in the light of all the facts, was for the jury.

The trial court avoided any adverse rulings touching an effort or purpose to arrest the defendant in violation of the law, as declared in Cobb v. State, 19 Ala. App. 345, 97 So. 779; and instructed the jury on the law of self-defense as directed by the former decision.

[6] The court very properly declined to permit defendant's counsel to read the former decision in this cause in the hearing of the jury. It appears the court was fully informed of the rules of law laid down therein.

[7-9] A reading of the discussion of the facts as then found in the record, and the rules of law applied thereto, could have only confused and misled the jury. The law of the case must be taken by the jury from the trial judge. It is the right of counsel under the guidance of the court, to discuss the rules of law applicable to the different phases of the testimony. In so doing it is the approved practice to permit the reading of correct statements of the law from text-books and decisions. The court has a general discretion in such matters, to be revised only when abused. Generally, the reading of the facts of other cases, or of the case at bar on a former trial, should not be permitted. It tends to distract the attention of the jury from the facts in hand, and to invite the drawing of analogies—no part of the jury's function. City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486; Id., Ex parte Hill, 194 Ala. 559, 69 So. 598; Harrison v. State, 78 Ala. 5; Stewart v. State, 78 Ala. 436; Williams v. State, 83 Ala. 68, 3 So. 743; Cross v. State, 68 Ala. 476; Robinson v. State, 155 Ala. 67, 45 So. 916; New v. State, 19 Ala. App. 140, 96 So. 720.

[10, 11] In the closing argument of the solicitor objection and exception was taken to the following statements:

"It is an insinuation upon the intelligence of 12 men of Fayette county in asking you what right Tom Chambless has going out upon the road in catching a bootlegger at 10 o'clock. Why, the evidence shows there that this fellow Davis was sitting out there on the end of that log, about half drunk on some 'cat' that he talked about. Yes, sir; had his 'cat' out there and pretty well tanked up according to the evidence in this case. There you find a man loaded there with his gun, sitting there, just a few feet backed up with Hunnicutt with a pistol in his hand, sitting there a few feet guarding his booze. Gentlemen of the jury, that's the cause of this shooting, and if it hadn't been for that, that man would not be being tried in this county."

None of these statements transcended the bounds of legitimate argument. However severe the arraignment, so long as counsel confines himself to inferences finding support in the evidence, does not turn witness and state as facts matters not in the record, the trial court will not be put in error in permitting the argument.

We find no reversible error in the record.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.