(109 So. 117)

## WEEKS v. STATE. (2 Div. 362.)

(Court of Appeals of Alabama. April 6, 1926. Rehearing Denied May 18, 1926.)

**1. Criminal law ⬡369(6).**

Evidence of possession and operation of still on different days is relevant and admissible to corroborate evidence of possession and operation on day charged.

**2. Criminal law ⬡478(1).**

One qualified by long observation of, and acquaintance with, stills, may testify as to suitability of articles found for purposes of distilling prohibited liquors.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Andrew Weeks was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Weeks v. State, 109 So. 118.

Harold Price, of Tuscaloosa, for appellant.

Counsel urges error in rulings, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Where a witness is shown to be qualified, he may properly testify that a device is suitable for the manufacture of liquors. Pate v. State, 20 Ala. App. 358, 102 So. 156. Possession of a still is a continuing offense, and evidence that defendant was in possession of the same still the day after the raid was admissible. Blackstone v. State, 19 Ala. App. 582, 99 So. 323; Vaughan v. State, 18 Ala. App. 57, 88 So. 374.

RICE, J. The indictment, containing a single count, charged the defendant with the unlawful possession of a still.

The case made by the state was that on a Saturday afternoon defendant and another were seen by the sheriff and a deputy at and around a still, located something like a mile and a half or two miles from defendant's home; that on the the following morning these officers returned to the place, and there saw the defendant and the other party working at the still, and, when the officers came into view, and ordered a surrender, both defendant and the other party ran. They were not captured at the time, but were later arrested. Defendant offered evidence tending to prove an alibi. No charges were requested by the defendant, and no exception was taken to the court's oral charge.

[1] Defendant objected to the testimony of the state's witnesses—the officers—that they returned to the still on Sunday morning, and to each question designed to elicit evidence of the occurrences at that time, upon the ground that the state had elected to place the commission of the offense on Saturday afternoon, and that what happened on the next day was a different matter.

The court overruled these several objections, and in so doing committed no error. The crime of possessing a still is continuing in nature, and evidence of possession and operation of the same still on different days is relevant and admissible as corroborating evidence of possession and operation on the date relied on by the state. Blackstone v. State, 19 Ala. App. 582, 99 So. 323.

[2] The state's witness, having testified to long observation of, and acquaintance with, stills, was asked if the articles found by him were suitable to be used in the manufacture of prohibited liquors and beverages. The defendant objected to this question, the court overruled the objection, and defendant excepted. The witness answered in the affirmative. The court did not err in this ruling. It is competent for one shown to be qualified to testify as to the suitability of articles for purposes of distilling. Pate v. State, 20 Ala. App. 358, 102 So. 156; Hewitt v. State, 20 Ala. App. 379, 102 So. 489.

The record appears to be in all things regular. The judgment is affirmed.

Affirmed.