(109 So. 103)

### HINTON et al. v. FEDERAL RESERVE BANK OF ATLANTA. (6 Div. 716.)

(Supreme Court of Alabama. June 10, 1926.)

Trial ⟨⟩45(3) — Exclusion of testimony of maker as to money payments to payee of note held not error in suit by transferee, where court was not informed that answer was expected to show that moneys were paid after due date.

In action by transferee against maker of note executed in April, and due and payable in November, exclusion of testimony of maker as to certain payments to payee during that year *held* not error, where court was not informed that answer was expected to be that moneys paid in that year were paid upon the note after it became due.

Appeal from Circuit Court, Pickens County; John McKinley, Judge.

Action by the Federal Reserve Bank of Atlanta against Mrs. B. G. Hinton and H. R. Hinton. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The suit is on a promissory note executed by defendants to the Pickens County State Bank, and transferred before maturity to the plaintiff. Defendants by their plea No. 2 set up that, six days before the Pickens County State Bank was placed in the hands of the state banking department, H. R. Hinton paid to said Pickens County State Bank $2,025, "to be used as a credit on the claimed indebtedness of the Pickens County State Bank," but that same was not placed as a credit or deposit for said H. R. Hinton, and that the state banking department has refused to use the said sum as a credit or deposit. Demurrer to this plea was sustained.

On the trial defendants propounded to witness H. R. Hinton these questions: "Did you pay the Pickens County State Bank any money in the year 1924?" and "Did you pay any money to the Federal Reserve Bank through the Pickens County State Bank as its agent in 1924? The objections of plaintiff to these questions were sustained.

G. S. Hinton and Curry & Curry, all of Carrollton, for appellants.

The evidence offered by defendants was pertinent and was erroneously excluded. Frank v. Thompson, 105 Ala. 211, 16 So. 634.

Patton & Patton, of Carrollton, for appellee.

Brief of counsel did not reach the Reporter.

PER CURIAM. Plea 2 was that of payment, and the testimony offered was pertinent to that issue, if after the due date of the note. Frank v. Thompson, 105 Ala. 211, 16 So. 634. The note is dated April 3, 1924, and was due and payable November 15, 1924. The court was not informed that the answer of the witness was expected to be that the moneys paid in 1924 to the Pickens County State Bank or the Federal Reserve Bank through the Pickens County State Bank were paid upon said note or after its due date. We cannot find error in this state of the record.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

---

(109 So. 118)

### Andrews WEEKS v. STATE. (2 Div. 900.)

(Supreme Court of Alabama. June 10, 1926.)

Certiorari to Court of Appeals.

Harold Price, of Tuscaloosa, for petitioner.
Harwell G. Davis, Atty. Gen., opposed.

SOMERVILLE, J. Petition of Andrew Weeks for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Weeks v. State, 21 Ala. App. 397, 109 So. 117.

Writ denied.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.