(130 So. 786)

**BIRMINGHAM ELECTRIC CO. v. WOOD.**

6 Div. 613.

Supreme Court of Alabama.

Oct. 30, 1930.

Rehearing Denied Nov. 28, 1930.

Lange, Simpson & Brantley and R. B. Barnes, all of Birmingham, for appellant.

J. K. Taylor and Chas. W. Greer, both of Birmingham, for appellee.

BROWN, J.

The authorities are agreed in holding that the pleadings in an action at law or suit in equity are admissible as evidence in another suit, when the question of their existence, or the fact that such suit was filed, and the issue involved in such suit, is a material inquiry, notwithstanding they are not verified by oath. Richardson v. State, 204 Ala. 124, 85 So. 789.

But such pleadings are not admissible as admissions, or as evidence to impeach a party thereto, unless verified by oath of the party, or it is shown by independent evidence that the pleading was drawn under the direction of the party sought to be impeached. Graves v. Cruse-Crawford Mfg. Co., 203 Ala. 202, 82 So. 452; Ex parte E. C. Payne Lumber Co., 203 Ala. 668, 85 So. 9; Jones on Evidence (2d Ed.) p. 1623, § 889.

While the court sustained objections to several questions put to the plaintiff on cross-examination, designed to show that Fite had authority from plaintiff to file the complaint against the infirmary and Stephens, the witness was subsequently allowed to testify fully on the subject, and denied that Fite had any authority to represent him. After Mr. Fite was called and testified to the contrary, and the facts stated in the complaint were obtained from Wood, the pleading was not re-offered.

The questions to the plaintiff while testifying as a witness, "At the time you went back to work were you well?" "I will ask you to state whether or not you are still suffering?" were not subject to the objection that they called for a mere conclusion of the witness, and this objection was overruled without error. Central of Georgia Railway Co. v. Stephenson, 189 Ala. 553, 66 So. 495; South & North Ala. R. R. Co. v. McLendon, 63 Ala. 266.

Nor was the question, "I will ask you to state whether or not at the time while you are on the witness stand, and while you are working for the L. & N. Railroad Company now, whether or not you are well, *and wheth-*

*er or not you suffer at any time from these injuries?"* in its entirety subject to the objection that it called for a conclusion. (Italics supplied.) The objection being addressed to the question as a whole was overruled without error. Longmire v. State, 130 Ala. 67, 30 So. 413; Caddell v. State, 136 Ala. 9, 34 So. 191; Ray v. State, 126 Ala. 9, 28 So. 634.

■ The general rule is that a statement of facts, or the reading of the facts from the report of another case in a legal argument made to the court, in the presence of the jury, is not a predicate for error, or ground for new trial. L. & N. R. Co. v. Cross, 205 Ala. 626, 88 So. 908.

To this rule there is this well-recognized exception: Such statement of facts persistently made in defiance of the ruling of the court for the purpose of getting to the jury facts calculated to prejudice their judgment is highly reprehensible, and a verdict obtained by such practice should be set aside and new trial awarded. Birmingham National Bank v. Bradley, 108 Ala. 205, 19 So. 791; A. G. S. R. R. Co. v. Ensley Transfer & Supply Co., 211 Ala. 298, 100 So. 342.

■ The matter complained of and made the basis of the assignments of error 30 to 32 was the reading by counsel for the plaintiff to the court the facts from a reported case similar to the case on trial, the amount of the verdict, and the comments of this court in respect thereto. The amount of the verdict was in no way relevant to the question then before the court, and the court properly instructed the jury that they should not consider it in their deliberations. After due consideration, indulging the usual presumption in favor of the ruling of the trial court, we are not able to affirm that there was such abuse of the court's discretion in refusing the motion for mistrial that the judgment should be reversed. A. G. S. R. R. Co. v. Ensley Transfer & Supply Co., supra.

■■ Charges 17, 28, 29, 30, and 31 were invasive of the province of the jury, and were well refused.

■ The plaintiff's evidence tended to show that, while the plaintiff was in the act of boarding the street car at a regular stopping place for receiving and discharging passengers, the car was started forward, with the consequence that he was violently thrown upon the ground and injured. Whether or not in these circumstances the defendant's servants were guilty of negligence was for the jury, and charges 23, 25, and 26 were properly refused. Ala. Power Company v. Carroll, 208 Ala. 426, 94 So. 743.

There was ample evidence to authorize a finding that the plaintiff was in the act of boarding the street car as a passenger at a usual station for receiving and discharging passengers, and that the relation of passenger and carrier existed between the plaintiff and defendant. Bradley et al. v. Williams, 20 Ala. App. 308, 101 So. 808, 809; North Birmingham Ry. Co. v. Liddicoat, 99 Ala. 545, 13 So. 18; Birmingham & Atlantic R. Co. v. Norris, 4 Ala. App. 363, 59 So. 66.

The ground of the motion for new trial, numbered 51, and made the basis of assignment of error 41, was too general to direct the attention of the court to any specific statement made by counsel in argument. Alabama Midland Railway Co. v. Brown, Adm'r, etc., 129 Ala. 282, 29 So. 548.

Moreover, no objection was made on the trial to any part of the argument to the jury, as was done in Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037, cited by appellant.

We are not able to affirm that the great weight of the evidence shows that the verdict was excessive. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.