62 So.2d 473

**SMITH v. STATE.**

**6 Div. 547.**

Court of Appeals of Alabama.

Jan. 6, 1953.

---

1. Ante, p. 596.

Skidmore & Finnell, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case is framed in two counts. The first charges manufacturing whiskey and the second possessing a still.

The court sustained the demurrers to the first count and overruled them as to the second.

■ There is no merit in the insistence that the court was in error in overruling the demurrers. The second count is in code form. Title 15, Sec. 259, Subsec. 76, Code 1940; Masters v. State, 18 Ala.App. 614, 94 So. 249; Neville v. State, 23 Ala. App. 121, 123 So. 895; Aldridge v. State, 20 Ala.App. 456, 102 So. 785.

The state anchored its prosecution on the testimony of the two officers who raided the still. According to their testimony they observed the appellant and two other persons at the still place for about fifteen or twenty minutes. During this time each of the trio was occupied in doing various things in preparation for the manufacture of whiskey.

The defendant did not testify at the trial below nor offer any evidence in his behalf.

Appellant's attorney interposed many objections during the progress of the trial. We will consider the questions presented in this manner which in our view merit comment.

■ It was within the sound discretion of the judge to allow one of the state's witnesses to be excused from the rule. Cobb v. State, 20 Ala.App. 542, 103 So. 387; McKenzie v. State, 26 Ala.App. 295, 158 So. 773.

■ What the defendant and his associates did at the still, while the officers were hidden and waiting, and a description of all the articles found at the place constituted a part of the res gestae. Traffenstedt v. State, 34 Ala.App. 273, 38 So.2d 619; Aldridge v. State, supra; Bruce v. State, 22 Ala.App. 440, 116 So. 511.

■ Each of the state's witnesses had been engaged in raiding illicit whiskey stills for many years. It was established that during this time they had become acquainted with the methods employed and the parts and equipment used in the manufacture of whiskey. Clearly they were qualified to explain to the court and jury the use made of the various parts and to state that when these were assembled the outfit was suitable for the purpose of manufacturing whiskey. Traffenstedt v. State, supra; Weeks v. State, 21 Ala.App. 397, 109 So. 117; Copeland v. State, 27 Ala.App. 405, 173 So. 407.

During the cross examination of one of the officers the record shows:

"Q. Did you know this boy, Jack, here (indicating), before this occasion? A. I had caught him two or three times before on stills.

"Mr. Skidmore: If Your Honor please we ask for a mistrial on this case on the ground of that statement. It was not responsive, it is highly prejudicial and we ask for a mistrial in this case, if Your Honor please. This statement is of such a nature that it cannot be removed from the Jury's mind, so as to give this defendant a free and impartial trial.

"The Court: Gentlemen of the Jury you will not consider that statement, he had caught the Defendant at other times at stills. In passing on this case be sure you don't consider that statement, that is excluded by the Court and do not consider that part of it at all in making up a verdict in this case, and I will overrule a motion for a mistrial.

"Mr. Skidmore: We except with Your Honor please and we submit that Your Honor has done everything that a Judge could do to eradicate that statement from the minds of the Jury but we submit that a statement of that kind can not be eradicated from the Jury's mind and we respectfully except to Your Honor's ruling."

Appellant's counsel urgently insists in brief that we should predicate error on account of the court's refusal to declare a mistrial.

Every person charged with a crime should be afforded a fair trial. This is a response to the humane provisions of our criminal law.

In the case of Stephens v. State, 252 Ala. 183, 40 So.2d 90, 92, Justice Lawson had this to say:

"A mistrial will not be ordered on the motion of the defendant on account of illegal questions asked by the solicitor, where the court sustained the defendant's objection, unless it clearly appears that the rights of the defendant have been so prejudiced as to render a fair trial a matter of grave doubt."

The same test should be applied if the prejudicial matter arose on account of a voluntary statement of a witness.

In the fairly recent case of Miller v. State, 34 Ala.App. 483, 41 So.2d 432, 434, we reviewed a question presented on the basis of a somewhat analogous circumstance. We held that the voluntary statement, "We had information about this nigger bootlegging down there", when properly and forcefully excluded from the jury's consideration, did not deprive the accused of a fair trial.

In the case of Mosely v. State, 19 Ala.App. 335, 97 So. 247, 248, a witness volunteered this statement: "We have had Molly Mosely (appellant) in every court for three years." We concluded that the clear, emphatic, and explicit instruction given the jury by the trial judge removed the injurious implications, and we did not declare error on the action of the court in refusing to order a mistrial.

Counsel in brief lays much stress on the conclusions reached by this court in the case of Emerson v. State, 30 Ala.App. 248, 4 So.2d 183, 185.

The evidence in the case was in sharp conflict. Presiding Judge Bricken, writing for the court, observed that the solicitor "upon several occasions undertook to inject into this case foreign and adverse matters not within any of the issues involved."

The distinguished jurist was impressed that on account of the injection of these prejudicial matters the accused was denied the right to a fair and impartial trial.

The opinion points out specifically the voluntary statement of a character witness, to wit: "He is known as a whiskey seller and gambler." We predicated reversible error on the failure of the trial court to grant the motion for a mistrial on account of the assertion.

In the case at bar the reply of instant concern was not as harmful and accusatory as the statement in the Emerson case.

In the instant case the guilt of the defendant as charged was established by undisputed evidence.

650

We are clear to the conclusion that the jury was in no manner influenced in their verdict by the voluntary statement of the officer.

Counsel also argues that the holdings in the cases of Cobb v. State, 20 Ala.App. 542, 103 So. 387, and Mitchell v. State, 22 Ala.App. 300, 115 So. 149, if followed, would necessitate a reversal of the judgment below in the instant case.

We think that because of the distinguishing factual features these authorities are not analogous and do not form a basis for any authoritative value in the matter we are now reviewing.

■ During the argument to the jury appellant's attorney "read a book to the jury." The court sustained the position of the solicitor that this was not proper. From the judge's comments we conclude that counsel was reading from some reported opinion of an appellate court.

■ In the early case of Harrison v. State, 78 Ala. 5, the Supreme Court held in effect that the jury should receive the law from instructions by the court and that the presiding judge is clothed with discretionary power to require all legal propositions and principles to be presented to the court and not to the jury. See also, Williams v. State, 83 Ala. 68, 3 So. 743; Ex parte Hill (City of Tuscaloosa v. Hill), 194 Ala. 559, 69 So. 598; Davis v. State, 213 Ala. 541, 105 So. 677; Birmingham Electric Co. v. Wood, 222 Ala. 103, 130 So. 786; Louisville & N. R. Co. v. Atkinson, 20 Ala.App. 620, 104 So. 835.

■ The court excluded from the jury a statement by appellant's attorney that the outboard motor and sugar found at the still place went to the A. B. C. Board. This assertion was not within the record evidence and was improper.

■ The record discloses this:

"Mr. Skidmore: We move again that the case be withdrawn from the Jury and a mistrial be granted in this case on the grounds that the Solicitor is over there patting the Juror on the knee caressing him. We would like for the record to show that he patted the Juror on the knee ingratiatingly.

"The Court: Overruled."

The writer does not profess to be an expert on caressing. From observation and limited experience, I have an idea that "caressing" implies more amorous fondling than one man patting another man on the knee. In any event the "patting" or "petting" all transpired in the presence of the trial judge.

In the case of Jones v. State, 21 Ala.App. 33, 104 So. 878, we did not term it "caressing", but we did express our disapproval of undue familiarity of counsel with the jurors while engaged in argument, and we said that "patting on the knee" came within this classification. We did not declare prejudicial error on account of this conduct. We take the same view in the instant case, but hold that it does not appear sufficiently certain that the accused was in any manner harmed by the incident.

The condemnation of the practice relates more to the dignity and decorous procedure of a trial than it does to the matter of attempting to court the favor of the juror.

■ The exceptions to excerpts from the court's oral charge must be reviewed in relation to and in connection with the entire charge. When this is done, we do not find any reversible error in the portions to which exceptions were directed. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Hubbard v. State, 35 Ala.App. 211, 45 So.2d 795.

■ As we have indicated, the undisputed evidence pointed directly to the guilt of the defendant as charged. In this state of the record, there is no appropriate application for the doctrines set out in refused charges numbered 1, 2, and 3.

■ Refused charges numbered 8 and 14 were covered by the oral charge and given written instructions. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala. App. 644, 29 So.2d 677.

We do not find any reversible error in the record. The judgment of the court below is ordered affirmed.

Affirmed.