288 So.2d 813

**James Roosevelt KEEBY, alias**

**v.**

**STATE.**

**6 Div. 564.**

Court of Criminal Appeals of Alabama.

Oct. 30, 1973.

Rehearing Denied Dec. 4, 1973.

Roy M. Johnson, III, Birmingham, for appellant.

**32**

William J. Baxley, Atty. Gen., and Rosa Gunter Hamlett, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Jefferson County charged the appellant with the robbery of Lance M. Maurer. The Jury found the appellant guilty, as charged, and its verdict and judgment set sentnece at twenty years imprisonment in the penitentiary.

On September 15, 1971, at about ten minutes until 8:00 in the evening, Lance M. Maurer was on duty as pharmacist at the Wood Drug and Apothecary in the Norwood section of Birmingham. Also in the store were the cashier, Miss Sue Gibson, and a fifteen year old delivery boy. Three men entered the store at this time, and one of them came toward the rear where Mr. Maurer was on duty at the Prescription Department. In a few minutes he inquired of Mr. Maurer with reference to some pills, and as Mr. Maurer turned to reply he saw the appellant marching Miss Gibson toward him at pistol point. The appellant then pointed his gun directly at Mr. Maurer and directed him to open the cash register, which he did, and then appellant removed the proceeds, some $275.00, therefrom and placed it in a "big valise." The third person, who had gone into the store remained near the front door.

The appellant then directed Mr. Maurer to open the safe as he wanted the "hard stuff" and from the safe the following drugs were taken: "Morphine, Cocaine, Opium, Demerol, Dilaudid, Codeine, various combinations of those drugs, drugs including these, the Seconal, which is Seco-Barbital, and the Amphetamines." Also taken was a pistol which belonged to Mr. Maurer and was in the desk drawer. About this time the young delivery boy came out of the restroom, and the three were then told to lie upon the floor, and their hands and feet were "taped" behind them with adhesive tape. The appellant and his two companions then left the drug store. Mr. Maurer stated that their usual closing time was 8:00 p. m., and that there were no customers in the store at this particular time.

Mr. Maurer, on cross-examination, testified that Detective Sprayberry and two other officers brought photographs to the pharmacy on three or four occasions before he could make a positive identification, but that on the "third occasion" he selected the photograph of the appellant and one of his companions from several color photographs that had been exhibited to him.

Lieutenant Jesse E. Sprayberry of the Birmingham Police Department testified that he investigated the robbery, which took place at the Wood Drug and Apothecary on September 15, 1971. He stated that Mr. Maurer described the appellant to him as follows:

"A Unknown black male, five-ten to six foot, two hundred to two hundred ten, heavy built, medium complexion, regular hair, Fu Man Chu mustache, wore glasses, armed with nickel plated gun, caliber unknown, and chewed gun at a very fast rate."

This description was also separately confirmed by Miss Gibson, who, he stated, was in a somewhat emotional state that evening.

Lieutenant Sprayberry further testified that he went back to the store to see Mr. Maurer and Miss Gibson on September 21, 1971, September 28, 1971, and then again on November 17, 1971, and on each occasion separately exhibited several photographs of different individuals, usually six or seven in number, to Mr. Maurer and Miss Gibson before the appellant and one of his companions were identified. He stated that Mr. Maurer and Miss Gibson were positive in their identification of the appellant on the third occasion, and each separately selected the appellant's photograph at that time.

Lieutenant Sprayberry further testified that the appellant had in his possession a ".32 caliber Smith and Wesson, nickel plated revolver," at the time of his arrest.

Mr. Maurer made an independent in-court identification of the appellant.

The appellant presented no witnesses at trial.

I

The appellant first contends that the trial court committed reversible error in failing to call Miss Sue Gibson, the other employee at Wood Drug and Apothecary, to testify at the trial of appellant's case. He states that she was present in the witness room and he had requested the trial judge to charge the Jury on the failure of the prosecution to call her to the stand.

In Anderson v. State, 35 Ala.App. 111, 44 So.2d 266, the court stated:

"It is within the sound discretion of a trial judge, in the interest of truth and justice, to call to the stand and examine, or permit to be examined by both parties, any witness who may be able to shed light upon the issues, the court being careful to preserve an attitude of impartiality." [Cases cited.]

The Supreme Court of Alabama, in Kissic v. State, 266 Ala. 71, 94 So.2d 202, held:

". . . It is the settled law in this State that no unfavorable inference can be drawn, and no unfavorable argument to a jury made, by counsel against a party to a cause because of the failure to call a witness to testify, when that witness is accessible to both parties, and can be introduced by and examined by either party. Forman v. State, 190 Ala. 22, 67 So. 583; Jarrell v. State, 251 Ala. 50, 36 So.2d 336. . . ."

 In the case at bar, it is clear that Miss Gibson was in the witness room, and

equally available at trial to either side to be called as a witness; hence, the trial court did not abuse its discretion in failing to charge the Jury in accordance with appellant's unnumbered charge to the general effect that she was available to the prosecution, and its failure to call her was a fact from which the Jury can infer that her testimony would be adverse to the prosecution. The trial judge did not abuse his discretion here in failing to call Miss Gibson under the circumstances shown. For aught that appears, the prosecution may have contemplated using Miss Gibson as a rebuttal witness.

II

Appellant next argues that the trial court committed reversible error in refusing to allow counsel to read certain written charges, which he had prepared, to the Jury and to argue them in his closing argument.

Our Supreme Court, in writing to the question of one's right to be heard through counsel of his choice, in Cross v. State, 68 Ala. 476, held:

". . . Defendants have the right to be heard by themselves and counsel. The constitution secures this much to them. In addressing the jury, counsel must be allowed to select and pursue their own line of argument, their own methods of dealing with the testimony. They may state the principles of law applicable to the case, and may argue such principles, and quote from books in elucidation of their views of the law. This, however, is an argument before the court, and for the court; for the jury are not judges of the law. It is their sworn duty to receive and apply the law as the same is given them in charge by the court. The presiding judge has the same right and power to declare—authoritatively to declare—the law, as juries have to find the facts. Neither should or can invade the province of the

other, without a breach of duty, and without detriment to the time-sanctioned theory of judicial trials. A known or intentional invasion by either, of the domain of the other, would be a gross violation of a sworn duty . . . ."

Further, the Supreme Court in Harrison v. State, 78 Ala. 5, stated the rule thusly:

". . . Courts have a discretionary power, moreover, to require all propositions of mere law to be argued as such to the presiding judge, and not to the jury. The jury are to receive the law from the court, and not from either the counsel, or from text-books or adjudged cases. This is a part of the police-power, so to speak, of the court, often necessary to prevent confusion and insure the orderly administration of justice in the trial court."

The former Court of Appeals, through then Presiding Judge Carr, in Smith v. State, 36 Ala.App. 646, 62 So.2d 473, stated the rule in this manner:

"In the early case of Harrison v. State, 78 Ala. 5, the Supreme Court held in effect that the jury should receive the law from instructions by the court and that the presiding judge is clothed with discretionary power to require all legal propositions and principles to be presented to the court and not to the jury. See also, Williams v. State, 83 Ala. 68, 3 So. 743; Ex parte Hill (City of Tuscaloosa v. Hill), 194 Ala. 559, 69 So. 598; Davis v. State, 213 Ala. 541, 105 So. 677; Birmingham Electric Co. v. Wood, 222 Ala. 103, 130 So. 786; Louisville & N. R. Co. v. Atkinson, 20 Ala.App. 620, 104 So. 835."

■ It is clear in the case at bar that the trial judge did not abuse his discretion by refusing to allow appellant's counsel to argue for the written charges to the Jury in closing argument before submitting same to the trial judge. As observed by our Supreme Court in Davis v. State, 213 Ala. 541, 105 So. 677, "The law of the case must be taken by the jury from the trial judge." New v. State, 19 Ala.App. 140, 96 So. 720; White v. State, 41 Ala.App. 54, 123 So.2d 179, cert. den. 271 Ala. 702, 123 So.2d 186; Higginbotham v. State, 262 Ala. 236, 78 So.2d 637.

III

At the conclusion of the trial court's oral charge, the appellant announced, "Satisfied," and the trial court then gave one of the requested charges and declined to give nine others.

■ We have carefully examined each of these and determined that refused charges, Nos. 2, 3, 4, and 5 deal with the question of reasonable doubt and presumption of innocence and are fairly and adequately covered by the trial court's oral charge and the given charge. Title 7, Section 273, Code of Alabama 1940.

■ Refused charges, Nos. 6, 7, 8, and 9, deal with the issue of the identification of the appellant, and we believe that this was fully covered in the trial court's oral charge, and moreover the charges in the form tendered are misleading, and hence incorrect statements of the applicable rule of law.

We have carefully examined this record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. This cause is due to be and the same is hereby

Affirmed.

All the Judges concur.