Finley Wiggins was indicted by the Jefferson County grand jury for the first degree murder of Chester Williams. Trial was had with the jury finding him guilty as charged in the indictment. The trial court sentenced him to life imprisonment. From that conviction he now appeals in forma pauperis.
On August 31, 1979 the appellant was employed by Mrs. Emma Williams, widow of the victim, to provide entertainment at her daughter's wedding reception. After the reception, the appellant, his wife, and several others left in his van. After traveling a short distance, he had a flat tire and returned to Mrs. William's apartment. She escorted the appellant's wife to the home of a neighbor, Mrs. Catherine Reed, wherein she used a telephone. At the time, the victim was visiting Mrs. Reed. Shortly thereafter, the appellant entered Mrs. Reed's apartment, exchanged angry words with the victim, and followed him outside. The appellant drew his .38 caliber pistol and shot the victim three times after the victim had entered his car. Evidence was presented by the appellant that during the argument, the victim threatened to kill him. The appellant phrased the threat as follows:
 "A `I'm going to kill all you m_____ f_____. Let me get my gun out of the car.'" (R. 211-212)
In addition, testimony from the appellant's wife indicated that during the argument, the victim had threatened the appellant's life.
A more complete rendition of the facts and a determination of its sufficiency is unnecessary as an issue concerning the refusal of the trial court to give a written requested charge is dispositive of this cause.
 I.
Appellant contends that the trial court erred in refusing to give his written requested charge number thirteen. Requested charge thirteen is quoted below:
 "The Court charges the jury that while threats alone will not serve as a justification *Page 782 
for homicide, if the Jury believe from the evidence that the deceased, at the time of the homicide was manifesting an intention to carry such threats into execution, by a positive act then done, or, that from the acts of the deceased at the time of the homicide, it would have appeared to a reasonable mind, under the circumstances, that the deceased was attempting to execute the threats against the Defendant, you may then consider the threats made by the deceased in justification of the homicide." (R. 302)
Although the trial court fully and fairly instructed the jury concerning the defense of self-defense, it did not cover the situation expressed in the appellant's requested charge.
The above charge has been expressly approved by our Supreme Court in Traweek v. State, Ala., 380 So.2d 958 (1979); Hunterv. State, 295 Ala. 180, 325 So.2d 921 (1975); and Karr v.State, 100 Ala. 4, 14 So. 851 (1893).
It is immaterial if the only evidence supporting the charge was produced by the appellant. Traweek, supra.
In determining whether a charge requested by an accused is supported by the evidence, the question on appeal is not what is our view of the evidence, but rather whether such evidence was presented. Hunter, supra.
The requested charge is not misleading, and does not place undue emphasis upon a portion of the evidence. Hunter, supra. Evidence was presented to support the appellant's requested charge.
Consequently, the trial court erred in refusing to give the written requested charge.
 II.
In the event of a retrial, we submit the following discussion regarding the appellant's second ground for reversal.
Appellant contends that the trial court abused its discretion in denying his request to have one of his witnesses declared a court's witness. A voir dire examination of the witness was conducted by the appellant which revealed that the witness was outside Mrs. Reed's apartment when the fatal shooting occurred, saw the victim get into his car, (although he did not see him with a gun) and heard gunshots. The witness stated that he did not know where the appellant was standing when the shots were fired and did not see the appellant fire a pistol.
The appellant argues that the witness was hostile to his position and had made oral statements at two prior interviews contradictory to that which he had previously testified. The appellant explains that his attachment of the witness to compel his attendance fortified his hostility, although it is unclear whether the witness was aware of who had requested it.
The characterization of a witness as adverse or hostile is not dependent upon the unfavorable or "hostile" nature of his testimony, but rather upon the characterization of the nature and manner of the witness himself. Anderton v. State, Ala.Cr.App., 390 So.2d 1083, cert. denied, Ala., 390 So.2d 1087
(1980)[1]; and authorities cited therein. It is a common occurrence that a witness may partially or totally answer questions unfavorably, propounded by the party calling him. Such would not immediately create the adverse or hostile situation requisite for the party to be given the use of the tools of cross-examination. It does not create a ground of hostility if a witness does not now testify to the same statement or statements which he had previously made. See generally, R. v. Smith, 2 Crim.App. 86 (1909).
Before a witness may be examined on the assumption that he is hostile there must be some showing to that effect or evidence from him to warrant it. Such is normally illustrated while the witness is *Page 783 
being directly examined, although it may be shown outside the presence of the jury through a voir dire examination or a proffer made by the party calling the witness. Kissic v. State,266 Ala. 71, 94 So.2d 202 (1957); Anderton, supra; Helton v.State, 55 Ala. App. 428, 316 So.2d 355 (1975); McCullough v.State, 40 Ala. App. 309, 113 So.2d 905, cert. denied, 269 Ala. 698, 113 So.2d 912 (1959); and cases cited therein; Clarke v.Saffery, 171 Eng.Rep. 966 (1824); 2 Underhill Criminal Evidence § 496 (5th ed. 1956).
In addition, the trial court, in the interest of truth and justice, may call to the stand and examine or permit to be examined by both parties, any witness who may be able to shed light upon the issues. Kissic, supra, Helton, supra; Keeby v.State, 52 Ala. App. 31, 288 So.2d 813 (1973), cert. denied,292 Ala. 724, 288 So.2d 817 (1974); McCullough, supra; Anderson v.State, 35 Ala. App. 111, 44 So.2d 266 (1950); Graham v. State,24 Ala. App. 171, 133 So. 57, cert. denied, 222 Ala. 506,133 So. 58 (1931); and cases cited therein.
In all respects, the decision to either declare a witness hostile or call a witness as his own is addressed to the sound discretion of the trial judge, who can ascertain the necessity for such, and whose ruling will not be overturned absent a showing of abuse. Kissic, supra; Anderton, supra; Helton, supra; Keeby, supra; McCullough, supra; Anderson, supra;Graham, supra; Chase's Stephen's Digest of the Law of EvidenceArt. 131 (1898); Rapalje, A Treatise on the Law of Witnesses § 216 (1887).
In the instant case, the witness apparently had no connection or relationship with the appellant either casually, socially, or otherwise. The record does not reflect any animosity or ill feelings between the witness and the appellant and does not indicate, other than through the statements of appellant's attorney, that the witness was testifying differently from that which the appellant expected.
The voir dire testimony of the witness was not of itself of such a nature as to make it appear that he was adverse or hostile to the appellant. From the facts before us, we find no abuse in the trial court's discretion in refusing to call the witness as its own or declare him adverse to the appellant.
Nevertheless, for the above reason, this cause must be reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.
[1] See 28 and 29 Vict., C. 18, § 3, adopting Section 22 of the Common Law Procedure Act of 1854 and applying it to criminal proceedings.