Ralph E. Slate, Decatur, and John T. Batten, Montgomery, for appellant.

142 So.2d 897

James **STINSON**

v.

**STATE.**

**8 Div. 819.**

Court of Appeals of Alabama.
March 13, 1962.

Rehearing Denied May 8, 1962.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for State.

CATES, Judge.

This is an appeal by Stinson from a judgment convicting him of possessing, contrary to Code 1940, T. 29, § 98, prohibited alcoholic liquors. The jury set a fine of $250.00, to which the trial judge added a sentence of 120 days hard labor for the county.

The State's evidence tended to show that September 3, 1960, three deputy sheriffs, bearing a search warrant, went to the Stinson home. Mrs. Stinson refused to open the screen door. Thereupon, one of the deputies kicked the door in.

The leading officer rushed into the bathroom where he found Stinson pouring whiskey into the tub; the drain being open. Stinson was running water seemingly to hasten the dilution and flushing.

Putting his foot in the tub to stop the outflow, this deputy managed to scoop up some of the diluted whiskey in a small bottle which was later produced before the jury.

The tendency of the defense was to refute that Stinson went near the bathroom.

Mrs. Stinson was a witness for her husband. On cross she was asked by the solicitor if she had not been convicted May 24, 1956, of a breach of § 98, supra, the same offense of which her husband stood accused. The court overruled objection, directing the jury to consider the answer as solely bearing on the possibility of Mrs. Stinson's being biased.

In briefs there is some confusion as to the role of Code 1940, T. 7, §§ 434, 435. We consider these sections (which modify the effect of conviction of infamous crimes on competency) do not apply to the ruling of the trial judge.

■ Since the question was put on cross-examination and sought to elicit bias toward the prosecution, the trial court's ruling was proper under the holding of Ex parte State, 199 Ala. 255, 74 So. 366. See Judge Brown's opinion in the same case, Johnson v. State, 15 Ala.App. 75, 72 So. 561. McElroy, I, The Law of Evidence in Alabama (2d Ed.), 353, § 149.01(8).

While resentment from a 1956 conviction might have diminished by the time of a 1961 trial, yet, ordinarily, remoteness in time is a matter for the jury. Stinson could have requested a charge as to their weighing the effect of the passage of time.

■ We think there is no merit to the contention that because the warrant or writ of arrest (attached to the originating complaint or affidavit) refers to the "offense of Violating Intoxicating liquor law," such abbreviated language renders the charge fatally vague. Coupled with the quoted language in the writ is, "as defined in Title 29, Section 98 of the Code of Alabama, 1940." Also, the affidavit of complaint charges Stinson in the statutory language with all disjunctives. The verdict being general, is referable to the allegation supported by the evidence.

We perceive no other point of law which could be usefully discussed for the sake of future precedent. We have carefully examined the entire record in compliance with Code 1940, T. 15, § 389, and conclude that the judgment below is due to be

Affirmed.