This petition for writ of certiorari to the Court of Criminal Appeals seeks review of petitioner's conviction of first degree murder in the circuit court of Tuscaloosa County on February 18, 1978. The Court of Criminal Appeals affirmed the judgment on May 1, 1979, and overruled the timely application for rehearing on May 22, 1979.
Petitioner asserts that the decision of the Court of Criminal Appeals below is in conflict with the decision of this court inHunter v. State, 295 Ala. 180, 325 So.2d 921 (1975). We agree and reverse and remand.
The facts as contained in the opinion of the Court of Criminal Appeals are as follows:
On January 17, 1977, the appellant Traweek and two of his friends drove around in appellant's truck drinking vodka and looking for appellant's deer dogs. They stopped by the house of the deceased, Smith, and asked him to join them. When Smith told Traweek that he had to go to work, Traweek returned to his truck and spun gravel as he left Smith's driveway. Smith got in his car, pursued and overtook Traweek's truck and a heated argument ensued. Smith was holding a pocket knife throughout the argument. Traweek testified that he had seen "the print of a pistol in [the deceased's] pocket" and that "he [the deceased] told me he had a pistol." Traweek also testified that he had tried to leave and the deceased told him: "If you get in your . . . truck, I will blow your head off." Traweek ran to his truck, got his gun and fired three blasts into the deceased. The Court of Criminal Appeals held that the Tuscaloosa County Circuit Court was not in error in refusing defendant's requested jury charge number 20, which reads as follows:
 The Court charges the jury that while threats alone will not serve as a justification for homicide, if the Jury believe from the evidence that the deceased, at the time of the homicide was manifesting an intention to carry such threats into *Page 959 
execution, by a positive act then done, or, that from the acts of the deceased at the time of the homicide, it would have appeared to a reasonable mind, under the circumstances, that the deceased was attempting to execute the threats against the Defendant, you may then consider the threats made by the deceased in justification of the homicide.
The rationale of the Court of Criminal Appeals in affirming the trial court is found in the following language from that court's opinion:
 We distinguish the present case from those cited above. Here, there is a glaring and important distinction between the facts of the cases relied upon and those which occurred in the present case.
 A CLOSE READING OF THE ABOVE CITED CASES REVEALS THAT, IN EACH, THERE WAS EVIDENCE, FROM A SOURCE OTHER THAN THE DEFENDANT, THAT THE DECEASED ACTUALLY HAD A WEAPON (in both cases, a pistol or other firearm), and thus had the present means "to execute the threats against the Defendant," as the requested charge requires.
 In each case, it was reasonable for the jury to conclude that the deceased "was manifesting an intention to carry such threats into execution," or "was attempting to execute the threats." Therefore, the charge, or one similar to it, was improperly denied by the court in both of the cases cited. See Hunter v. State, supra. [Emphasis supplied.]
During oral argument of this case, as well as in briefs, the state advanced the same reasoning as that expressed by the Court of Criminal Appeals, supra, i.e., Hunter, supra, is inapplicable to the instant case because in Hunter an eyewitness, other than the accused, presented evidence that the deceased had a gun and was making threats.
To the extent that the opinion of the Court of Criminal Appeals holds that in order for the defendant in a murder trial to be entitled to a jury charge on self defense, EVIDENCE MUST BE PRESENTED BY SOMEONE OTHER THAN THE ACCUSED tending to show that the defendant was in reasonable apprehension of grievous bodily harm from the decedent, that opinion is in error.
In Hunter v. State, supra, the facts of which are strikingly similar to the facts in the instant case, this court held:
 It would appear that the Court of Criminal Appeals has fallen into the error of attempting to "weigh" the evidence — in stating that other witnesses saw no overt act and heard no threat. The question is not what is their, or our, view of the evidence but simply whether such evidence was presented. It was.
Hunter, 295 Ala. at 184, 325 So.2d at 925 (emphasis added).
As pointed out by the dissenting opinion below of Judge Bowen joined by Judge Bookout:
 In Burns v. State, 229 Ala. 68, 155 So. 561 (1934), our Supreme Court held in part as follows:
 Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly stated the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State
(Ala.Sup.), 39 So. 608, 611, it is said: "It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination. . . ."
[Emphasis supplied.]
 Likewise, in Chavers v. State, Ala., 361 So.2d 1106
(1978), the Alabama Supreme Court stated:
 . . . [O]ur decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, *Page 960 
insufficient, or doubtful in credibility. . . . [Citation omitted].
 See also Miller v. State, 40 Ala. App. 533, 119 So.2d 197, cert. denied, 270 Ala. 739, 119 So.2d 201
(1960); Bradberry v. State, 37 Ala. App. 327, 67 So.2d 561 (1953); Degro v. State, 34 Ala. App. 232, 38 So.2d 354 (1949); Duncan v. State, 30 Ala. App. 356, 6 So.2d 450, cert. denied, 242 Ala. 329, 6 So.2d 454 (1942).
 The requested charge should have been given regardless of which side presented the evidence to support the charge.
Traweek v. State, 380 So.2d 946 (Ala.Cr.App. 1979).
We hold that the Court of Criminal Appeals erred in affirming the decision of the Circuit Court of Tuscaloosa County to refuse to give requested charge number 20 on self defense because the only evidence supporting that charge was produced by the defendant. We hold, in accord with Hunter, supra, that a charge which is supported by evidence must be given whether the evidence which supports the charge is produced by the defendant or some third party.
REVERSED AND REMANDED.
All the Justices concur.