DeCARLO, Judge.
Manslaughter; ten years imprisonment.
This is the second trial of this case, the first being reversed by this court. Williams v. State, Ala.Cr.App., 387 So.2d 295 (1980).
During the early morning hours of November 6, 1978, appellant and his wife began to fight over, inter alia, the presence of several guests of appellant at their house. Both appellant and his wife had been drinking heavily for several hours. During the course of their struggle, appellant stated that his wife said that, “She was going to get a gun and shoot me.” Appellant prevented his wife from executing her threat by continuing to fight with her.
Shortly thereafter, he entered the bedroom where his guns were located, closed and barricaded the door, and fell asleep. Around 3:40 A.M., he found his wife lying on the floor of a hallway and called for help. It was determined that his wife had died from complications associated with the numerous blows she sustained to her head.
A more complete rendition of the facts and a determination of their sufficiency is unnecessary because an issue concerning the refusal of the trial court to give a written requested charge is dispositive of this cause.
I
Appellant contends that the trial court erred in refusing to give all of his one hundred and forty-four written requested charges. Requested charge eighty-eight is quoted below:
“I charge you members of the jury, that while threats alone will not serve as a justification for homicide, if the jury believes from the evidence that the deceased, at the time of the homicide was manifesting an intention to carry such threats into execution, by a positive act then done, or, that from the acts of the deceased at the time of the homicide, it would have appeared to a reasonable mind, under the circumstances, that the deceased was attempting to execute the threats against the defendant, you may then consider the threats made by the deceased in justification of the homicide.”
Although the trial court fully and fairly instructed the jury concerning the defense of self-defense and properly removed the element of retreat from its consideration, it did not cover the situation expressed in appellant’s requested charge.
Quoting from Wiggins v. State, Ala.Cr.App., 398 So.2d 780, cert. denied, Ala., 398 So.2d 783 (1981), which discussed the identical issue now before us:
“The above charge has been expressly approved by our Supreme Court in Traweek v. State, Ala., 380 So.2d 958 (1979); Hunter v. State, 295 Ala. 180, 325 So.2d 921 (1975); and Karr v. State, 100 Ala. 4, 14 So. 851 (1893).
“It is immaterial if the only evidence supporting the charge was produced by the appellant, Traweek, supra.
“In determining whether a charge requested by an accused is supported by the evidence, the question on appeal is not what is our view of the evidence, but rather whether such evidence was presented. Hunter, supra.
“The requested charge is not misleading, and does not place undue emphasis upon a portion of the evidence. Hunter, supra. Evidence was presented to support the appellant’s requested charge.”
Consequently, the failure of the trial court to give the above requested charge resulted in reversible error. Therefore, this *1055 ease must be reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.