PATTERSON, Presiding Judge.
The appellant, Edward Lee Johnston, was convicted after a jury trial of burglary *1258 in the third degree, in violation of § 13A-7-7, Code of Alabama 1975, and was sentenced as a habitual offender to 15 years’ imprisonment. He raises only one issue on appeal.
The appellant argues that the state failed to prove a prima facie case of burglary in the third degree. At trial, the state’s evidence tended to show the following facts: Glenn White, a deputy with the Mobile County Sheriff’s Office, received a dispatch indicating that an alarm had been triggered at Greer’s grocery store. He proceeded to the store, where he observed a green Oldsmobile Cutlass automobile pushing against the doors to the store. He drew his handgun and ordered the driver of the automobile to stop. The driver backed the car away from the doors, and the car stalled. White then apprehended the occupants. White identified the appellant as the driver of the car.
The doors and front bumper of the car were both scuffed. The doors had been pushed approximately two feet into the store. They were broken off the hinges, but were held in place by a large chain. There was no evidence that anything had been taken from the store. No one had been given permission to enter the store by the manager.
The appellant contends that the state’s evidence was insufficient because, he says, the state failed to prove that the appellant entered the building. The law in Alabama regarding this issue has been summarized as follows:
“Prior to the effective date of the Alabama Criminal Code (Code of Alabama 1975, Title 13A) both a breaking and an entry were essential elements of the crime of burglary, but a breaking has been eliminated as an essential element by §§ 13A-7-5, 13A-7-6 and 13A-7-7. To constitute an entry, there must be a penetration of the space within the building by some part of the body of the defendant, or an accomplice of the defendant, or by an instrument inserted for the purpose of perpetrating a felony in the building. In Walker v. State, 63 Ala. 49, 51-52 (1879), it was held:
“ ‘When one instrument is employed to break, and is without capacity to aid otherwise than by opening a way of entry, and another instrument must be used, or the instrument used in the breaking must be used in the some other way or manner to consummate the criminal intent, the intrusion of the instrument is not, of itself, an entry. “ ‘When entry is made by means of an instrument, it must be used for the purpose of effecting the felony, and not merely gaining entrance for the defendant. Accordingly, the act of prying open a door with an iron bar does not constitute an entry, as it is not used for the purpose of committing a felony therein, but merely of breaking.’
“To the same effect is Robinson v. State, 45 Ala.App. 74, 78, 224 So.2d 675 (1969), where it is stated:
“ ‘The evidence that the door “was pried open and the lock was busted with some type of instrument” did not show an entry into the building.’ ”
Perry v. State, 407 So.2d 183, 185 (Ala.Cr. App.1981). See Pack v. State, 461 So.2d 910 (Ala.Cr.App.1984); see also People v. Tragni, 113 Misc.2d 852, 449 N.Y.S.2d 923 (1982). In the instant case, the automobile was used for the purpose of breaking, but the appellant was apprehended before he could enter the building; therefore, the state failed to prove a prima facie case of burglary in the third degree. The state did, however, prove a prima facie case of attempted burglary in the third degree.
“A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.” § 13A-4-2, Code of Alabama 1975. Applying the law stated above to the facts of this case, the state’s evidence did tend to prove that the appellant, with the intent to commit a burglary, acted overtly towards the commission of a burglary. Furthermore, the jury was properly charged on the lesser included offense of attempted burglary in the third degree. Therefore, we may remand this case to the circuit court *1259 for that court to enter a judgment against the appellant for attempted burglary in the third degree and to sentence him accordingly. Ex parte Edwards, 452 So.2d 508 (Ala. 1984), affirming, 452 So.2d 506 (Ala.Cr. App.1983); Pack v. State, 461 So.2d 910 (Ala.Cr.App.1984).
For the forgoing reasons, the judgment of the trial court is reversed and rendered, in part, and this case is remanded with instructions for the trial court to enter a judgment of guilty of attempted burglary in the third degree and to sentence the appellant accordingly. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court within 60 days of the release of this opinion.
REVERSED AND RENDERED, IN PART, AND REMANDED WITH INSTRUCTIONS.
All Judges concur.