TAYLOR, Presiding Judge.
The appellant, Alvin Lee Westbrook, was convicted of attempted burglary in the third degree, a violation of §§ 13A-4r-2, 13A-7-7, Code of Alabama 1975, and possession of burglar’s tools, a violation of § 13A-7-8, Code of Alabama 1975. The appellant was sentenced to 12 months’ imprisonment for the conviction for attempted burglary, and to 10 years in the penitentiary, upon application of the Habitual Felony Offender Act, for the conviction for possession of burglar’s tools.
The state’s evidence tended to show that at approximately 11:00 p.m. on August 26,1995, the appellant was seen on the roof of Joe’s Pawnshop in Mobile by Ernest Logan, an employee of a private security agency, who was working at the AmSouth bank building across the street. Logan testified that he saw the appellant “beating and prying on stuff’ by the air conditioning unit and “beating on the air conditioning.” He observed the appellant throw some rolled up copper flashing from the roof into the alley. Logan advised another security guard who notified the police. The police arrived and arrested the appellant.
Detective Kristen Dorsey and Officer Eric Spencer Jackson, employees of the Mobile Police Department, were the officers who responded to the call. Dorsey testified that when he reached the roof, he noticed a crowbar and gloves within five feet of the appel *217 lant. Marvin Olensky, the owner of Joe’s Pawnshop, testified that he did not know the appellant and he had not given him permission to be on the roof of his business. Olen-sky further testified that after this incident, the roof leaked “very badly” in the location where the appellant had been arrested, and had to be repaired.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal because, he says, the state failed to prove a prima facie case of attempted burglary in the third degree. Specifically, he contends that the state’s evidence was insufficient because, he says, the state failed to prove that there was an attempt to enter a budding.
In Johnston v. State, 615 So.2d 1257 (Ala.Cr.App.1992), this court examined a situation similar to the one presented in the instant case. The defendant was convicted of attempted burglary without physically entering or remaining unlawfully in the building. The defendant broke open the doors of a building by pushing them with the bumper of his vehicle, but was apprehended before he could enter the building. This court stated in Johnston:
“The appellant contends that the state’s evidence was insufficient because, he says, the state failed to prove that the appellant entered the building. The law in Alabama regarding this issue has been summarized as follows:
“ ‘Prior to the effective date of the Alabama Criminal Code (Code of Alabama 1975, Title 13A) both a breaking and an entry were essential elements of the crime of burglary, but a breaking has been eliminated as an essential element by §§ 13A-7-5, 13A-7-6 and 13A-7-7. To constitute an entry, there must be a penetration of the space within the building by some part of the body of the defendant, or by an instrument inserted for the purpose of perpetrating a felony in the building. In Walker v. State, 63 Ala. 49, 51-51 (1879), it was held:
“ ‘ “When one instrument is employed to break, and is without capacity to aid otherwise than by opening a way of entry, and another instrument must be used, or the instrument used in the breaking must be used in ... some other way or manner to consummate the criminal intent, the intrusion of the instrument is not, of itself, an entry.
“ ‘ “When entry is made by means of an instrument, it must be used for the purpose of effecting the felony, and not merely gaining entrance for the defendant. Accordingly, the act of prying open a door with an iron bar does not constitute an entry, as it is not used for the purpose of committing a felony therein, but merely of breaking.”
“‘To the same effect is Robinson v. State, 45 Ala.App. 74, 78, 224 So.2d 675 (1969), where it is stated:
““‘The evidence that the door ‘was pried open and the lock was busted with some type of instrument’ did not show an entry into the building.’ ”
“Perry v. State, 407 So.2d 183, 185 (Ala.Cr.App.1981). See Pack v. State, 461 So.2d 910 (Ala.Cr.App.1984); see also People v. Tragni, 113 Misc.2d 852, 449 N.Y.S.2d 923 (1982). In the instant case, the automobile was used for the purpose of breaking, but the appellant was apprehended before he could enter the building; therefore, the state failed to prove a prima facie case of burglary in the third degree. The state did, however, prove a prima facie case of attempted burglary in the third degree.
“‘A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.’ § 13A-4-2, Code of Alabama 1975. Applying the law stated above to the facts of this case, the state’s evidence did tend to prove that the appellant, with the intent to commit a burglary, acted overtly towards the commission of a burglary.”
615 So.2d at 1258. (Emphasis added.)
This court has repeatedly examined the standard of review in determining the sufficiency of the evidence and has stated as follows:
*218 “ ‘In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.’ Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985).”
McIntyre v. State, 571 So.2d 364, 365 (Ala.Cr.App.1990).
Certainly, from the facts presented in this ease, we can conclude that the appellant committed an overt act in the furtherance of his goal of breaking and entering the pawnshop. The appellant was on the roof of the pawnshop without permission, surrounded by tools typically used in a burglary. He was also seen beating on the roof with a crowbar and throwing metal into the alleyway. Moreover, the appellant caused physical damage to the roof that subsequently had to be repaired by the owner. There was sufficient evidence to support the trial court’s denial of his motion for a judgment of acquittal.
For the foregoing reasons, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur, except PATTERSON, J., who dissents with opinion.