PATTERSON, Judge
(dissenting).
Essential elements of the offense of attempted third degree burglary are the intent to commit burglary and an overt act toward the crime. Any evidence of an overt act toward the commission of a burglary would evidence intent. My review of the state’s evidence fails to establish any evidence that could reasonably be interpreted as intent to break into the building.
The state relies on Johnston v. State, 615 So.2d 1257, 1258 (Ala.Cr.App.1992), in which the defendant was convicted of attempted burglary without entering or remaining in the building. In that case, the defendant broke open the doors of a building by pushing them with the bumper of a vehicle, but was apprehended before he could enter the building. The state relied upon the evidence of the defendant’s breaking in of the doors as evidence of an attempted burglary.
The instant case, however, is distinguishable from Johnston: there was no evidence presented in this case that established the intent by an overt act of breaking into the budding. The evidence that the appellant was seen beating on a roof air conditioner, that he removed and rolled up flashing or rain guttering, and that he had in his possession a pry bar and gloves does not present sufficient evidence to support an inference that there was any attempt to break into the building. In fact, the appellant appeals only his conviction for attempted burglary — not his conviction for possession of burglar’s tools. There was no evidence of attempted forced entry. The appellant did not create or attempt to create any opening in the building. There was no evidence that entry could have been gained if the air conditioner was removed. There was no evidence that the appellant possessed any rope, ladder, or other equipment to lower himself from the roof into the building. In fact, the evidence that the appellant threw rolled up copper flashing off the roof into the alley is more consistent with theft than with attempted burglary. While the appellant’s actions might establish vandalism or theft of property, I do not believe there is any credible way they can be construed as an attempt to gain entry into the building.
Without the element of intent, the state failed to make a prima facie ease of attempted burglary. For this reason, I respectfully dissent.